IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Angel Hernandez-Martinez, ) | |
| ) | Civil Action No. 6:07-1036-GRA-WMC |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| John H. Pyatt; United States; and ) | |
| Attorney General Alberto Gonzales, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, a federal prisoner proceeding *pro se*, seeks relief pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

The defendants filed a motion to dismiss or, in the alternative, for summary judgment on August 3, 2007. By order filed August 6, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On October 9, 2007, the plaintiff filed a response to the motion.

## FACTS PRESENTED

The plaintiff was sentenced on December 8, 2004, to a 60-month term of imprisonment and four years of supervised release by the United States District Court for the District of Kansas for unlawful possession with intent to distribute 100 kilograms or more

of marijuana (21 U.S.C. § 841(A)(1)).  Def. m.s.j., ex. 1.  The plaintiff is currently incarcerated at Big Spring Correctional Institution in Big Spring, Texas.  He was previously incarcerated at the Federal Correctional Institution ("FCI") located in Bennettsville, South Carolina.  He has a projected release date of September 25, 2008, via Good Conduct Time ("GCT") release.

The plaintiff names John H. Pyatt, Cook Supervisor at FCI Bennettsville, the United States of America, and Alberto Gonzales, the former Attorney General of the United States, as defendants in this action.  The plaintiff alleges while he was incarcerated at FCI Bennettsville, defendant Pyatt caused him to fear for his safety and caused emotional distress.  He alleges that on July 1, 2006, defendant Pyatt approached him in the dining hall, where there is video surveillance, and began yelling and threatening him in a very heated manner.  Comp. ¶5.  He contends defendant Pyatt violated the Employee Conduct Program Statement, 3420.09.  He also contends defendant Pyatt's actions caused him to fear for his safety and caused him emotional distress.  He states defendant Pyatt acted with deliberate indifference and a reckless disregard for his rights.  The plaintiff also claims the Unit Team, Warden, Regional Director, and National Director showed deliberate indifference to his Fifth Amendment Due Process Right by refusing to interview the 11 witnesses he provided as evidence and by not providing him a copy of the requested video surveillance tape.  *Id.* ¶ 7.

The plaintiff did not seek protective custody, and he continued working the p.m. shift in the dining hall until December 2006, when he became a unit orderly.  Def. m.s.j., ex. 3, 5.

The plaintiff states if the court does not find a constitutional violation by the defendants, the court should recognize he has suffered injury, damage, and emotional distress under the Federal Tort Claims Act ("FTCA").  *Id.* ¶ 14.  He asks the court to award him a total of $5,000,000.00 in compensatory damages for pain, suffering, and emotional

2

distress; $5,000,000.00 in punitive damages; and all cost incurred in this action. *Id.* at ¶¶16-18.

## **APPLICABLE LAW**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the

existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

## **ANALYSIS**

The defendants first argue that this court lacks subject matter jurisdiction over the plaintiff's claims against defendant Pyatt in his official capacity. This court agrees. Section 1983 allows a civil action to recover damages for deprivation of a constitutionally protected right. *Bivens,* 403 U.S. at 395-96. However, a suit against a federal agency or federal officer in his or her official capacity is actually a claim against the United States. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989). Such a suit lies only where the United States has waived sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The United States has not waived its sovereign immunity for constitutional misconduct. *See id.* at 477-78. Accordingly, the doctrine of sovereign immunity shields the United States from suit absent its consent to be sued. Therefore, this court lacks jurisdiction over the plaintiff's claims against defendant Pyatt in his official capacity and the constitutional claims against the United States, and those claims should be dismissed.

The plaintiff claims that defendant Pyatt yelled at him and threatened him "in a heated manner" in violation of his constitutional rights. The Eighth Amendment expressly

prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. To succeed on any Eighth Amendment claim for cruel and unusual punishment, a prisoner must prove: (1) objectively, the deprivation of a basic human need was sufficiently serious, and (2) subjectively, the prison officials acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). "'[I]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock.'" *Moore v. Winebrenner*, 927 F.2d 1312, 1316 (4th Cir. 1991) (quoting *Whitley v. Albers,* 475 U.S. 312, 319 (1986)). Moreover, the United States Supreme Court has noted that "not ... every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal citation omitted). The Court further stated, "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* use of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10. The "core judicial inquiry" in evaluating an excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7.

In this case, the plaintiff has not alleged that defendant Pyatt physically assaulted him in any way. Comp. ¶ 5. Further, even if he could meet the objective component, he has failed to establish the subjective component. The plaintiff did not include in his allegations the events that led up to the incident with Pyatt. Defendant Pyatt was taking the 4:00 stand-up count of all the inmates working in the dining hall. The plaintiff failed to stand up despite his name being called several times by defendant Pyatt. Pyatt testified he then verbally counseled the plaintiff for not standing up for count. Pyatt decl.

¶ 3. Construing the facts in a light most favorable to the plaintiff, the Eighth Amendment claim fails.

Further, as argued by the defendants, a constitutional claim based only verbal harassment or threats, with no reinforcing act, does not state a claim under either the Eighth Amendment cruel and unusual punishment clause or under the Fifth Amendment's substantive due process clause. *See. Prisoners' Legal Ass'n v. Roberson*, 822 F.Supp. 185, 189 (D. N.J. 1993) and *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991).

The plaintiff also apparently claims his Fifth Amendment Due Process rights were violated because of the alleged negligence of the administration of FCI Bennettsville in investigating his claim against Pyatt. Comp. ¶¶ 7, 14. As argued by the defendants, mere negligence or carelessness by a correctional officer does not constitute a constitutional violation. *See, e.g., Daniels v. Williams*, 474 U.S. 327, 330-33 (1986) (as a matter of plain constitutional text, no "deprivation" occurs on account of official negligence). While it is clear that intentionally harmful conduct may constitute a violation of due process, it is equally clear that negligence alone does not. *See Patten v. Nichols*, 274 F.3d 829, 834 (4th Cir. 2001). Here, the plaintiff has failed to show any intentionally harmful conduct by the defendants. Accordingly, the claim fails.

The plaintiff has made no specific claims against defendant Alberto Gonzales. The plaintiff must establish three elements to hold a supervisor liable for a constitutional injury inflicted by a subordinate: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir.), *cert. denied*,

513 U.S. 813 (1994). Here, the plaintiff has failed to show any basis for a claim against defendant Gonzales.

To the extent this is a claim under the Federal Tort Claims Act ("FTCA"), the proper defendant is the United States. *See* 28 U.S.C. §2674 ("The United States shall be liable, ... relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances."). Title 28, United States Code, Section 1346(b), vests jurisdiction over FTCA claims in the district courts, but only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.* §1346(b).

Liberally construing the plaintiff's negligence allegations, it appears he is trying to bring a cause of action for intentional infliction of emotional distress caused by defendant Pyatt's action. In *Williams v. Lancaster County School District*, the Court of Appeals for South Carolina recognized that "'one's wilful, malicious conduct proximately causing another's emotional distress may be actionable' as intentional infliction of emotional distress or the tort of outrage." 631 S.E.2d 286, 293 (2006) (quoting *Ford v. Hutson*, 276 S.E.2d 776, 778 (1981)). The plaintiff must show:

> (1) the defendant intentionally or recklessly inflicted severe emotional distress, or was certain or substantially certain such distress would result from his conduct; (2) the conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in civilized community; (3) the actions of defendant caused the plaintiff's emotional distress; and (4) the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

*Id.*

The plaintiff has clearly failed to present any evidence that shows defendant Pyatt's action was intended to inflict emotional distress. For the first element, the plaintiff must prove that defendant Pyatt intended for him to endure certain distress. When

7

defendant Pyatt verbally counseled the plaintiff, such counseling was not done with the intent to inflict emotional distress on the plaintiff, but rather to let him know the consequences of his action if he failed to stand up for the 4:00 p.m. count, *i.e*, he could be given an incident report for interfering with the count or refusing an order. Def. m.s.j., ex. 3, 6, 8. The plaintiff's own actions show that he did not really feel his safety was threatened at the time he was verbally counseled by defendant Pyatt. He could have requested protective custody from any staff member, and he would have been placed in the Special Housing Unit ("SHU"), away from defendant Pyatt; however, he did not request such protection. Def. m.s.j., ex. 3. Also, the plaintiff could have requested another job assignment or to work a different shift in the food service department. Instead, the plaintiff continued to work the p.m. food service shift. As to the second element, the plaintiff fails to show such verbal counseling was so extreme and outrageous that it exceeded all bounds of decency. There was no evidence that indicated defendant Pyatt used profanity or abusive language, but even if defendant Pyatt did yell and use profanity at the plaintiff, such conduct is not outrageous. Def. m.s.j., ex. 3, 6, 8. As to the third and fourth elements, the plaintiff has presented no evidence that he suffered any type of emotional distress, much less severe emotional distress, because of the actions of defendant Pyatt. The plaintiff never sought services from the medical or psychology department for such emotional distress on the day of the incident or thereafter because of the actions of defendant Pyatt. Based upon the foregoing, the plaintiff has failed to state a cause of action.

Further, if the plaintiff's complaint is construed to assert a claim for reckless infliction of emotional distress rather than intentional infliction, such claim must also be dismissed because the state of South Carolina does not recognize the tort of reckless infliction of emotional distress. *Williams-Murray v. Murray*, 2004 WL 2944098, *3 (D.S.C. 2004).

## **CONCLUSION AND RECOMMENDATION**

Based upon the foregoing, this court recommends that the defendants' motion for summary judgment be granted.

*[Signature]*

WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

December 7, 2007

Greenville, South Carolina